IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 2 8 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | | |
|---|---|---|
| JEFFREY T. LAWSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:08-cv-00288 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| AMANDA DAVIS, et. al., | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Jeffrey T. Lawson, a Virginia inmate proceeding pro se, brings this action under the

Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343.[1] In his

complaint, Lawson alleges that the defendants, jail officials at the Duffield Regional Jail[2] ("the jail"),

deprived him of his mental health medication for 90 days, in violation of his Eighth Amendment

rights. Upon consideration of the complaint, the court finds that this action must be dismissed

without prejudice, because it is clear from the face of the complaint that plaintiff did not exhaust

administrative remedies before filing this action, as required under 42 U.S.C. § 1997e(a).

I

Lawson alleges the following sequence of events from which his claims arise. He arrived

at the jail on March 9, 2007. As part of the initial paperwork, he filled out a sheet listing all his

mental health medications, some of which he had been taking for five years. He saw a medical

doctor at this time, who told him that he would have to see a psychiatrist in order to be prescribed

mental health medications. Lawson "put in a sick call telling them [he needed] his nerves and

---

[1]Plaintiff originally filed his action in the United States District Court for the Eastern
District of Virginia. It was transferred here because the defendants are located in this district.

[2]The Duffield Regional Jail is one facility operated by the Southwestern Virginia Regional
Jail Authority.

1

sleeping medicine real bad." Nurse Amanda Davis sent it back and told him that he had to wait 90 days "because of an alcohol problem or something like that." He filed several sick call requests for his medication, and Davis kept telling him he had to wait.

Lawson went to court on March 22, 2007, and told his attorney and the judge that he was not getting his mental health medications at the jail. The judge included in his order a requirement that Lawson receive his mental health medications while at the jail. However, jail officials still did not provide the medications. When the 90-day waiting period was over, the psychiatrist examined Lawson and prescribed the medications, which Lawson then received for the rest of the time he was housed at the jail.[3]

While he was denied his mental health medications at the jail, Lawson alleges that he was stressed out, "had bad [mood] swings and nerves and sleeping problems." He had to stay by himself in his cell or he would "cuss people out." He sues Nurse Davis and Lee Nobles, whom Lawson identifies as "director of the SWVRJA and owner of all regional jail[s] of VA." As relief, Lawson seeks monetary damages in the amount of $50,000 "or more."

## II

The Prison Litigation Reform Act ("PLRA") provides, among other things, that

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Under the plain language of the statute, exhaustion of administrative remedies is a "prerequisite to suit" in the prisoner's civil rights context. See Nussle v. Porter, 534 U.S. 516,

---

[3]Lawson is now incarcerated at Pocahontas State Correctional Center near Pocahontas, Virginia.

2

524 (2002). The United States Supreme Court has held that the Section 1997e(a) exhaustion of administrative remedies requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes, . . . whether they allege excessive force or some other wrong,"and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. To satisfy §1997e(a) before filing his §1983 action, an inmate must follow each step of the established administrative procedure that the state provides to prisoners and meet all deadlines within that procedure. See Woodford v. Ngo, 126 S. Ct. 2378, 2387 (2006); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002).

Lawson states on the face of his complaint that the jail had a grievance procedure, but he did not file any grievances about the 90-day waiting period before he could receive his mental health medications. In answer to the § 1983 form's question as to why he did not file grievances about the problem, he says:

> I don't know anything like that. I just stayed by myself and didn't know I could do anything about it and I don't have much learning. I did tell the C.O.'s about [it] and they say that they couldn't do anything about it.

Lawson alleges filing numerous sick call requests, but the nurse responded the same way each time–that he could not have his medications until the 90-day waiting period was up and he saw the psychiatrist. Lawson also voiced his concerns about the delay in getting his medications to his attorney and the judge and to various guards. These alternative measures of making complaints cannot satisfy the requirements of § 1997e(a)–to exhaust the administrative remedies made available by the facility. Lawson admits that although a grievance remedy was available at the jail, he did not file any grievances about his problem. He does not allege facts indicating that any of his mental health problems prevented him from understanding the available procedures or from utilizing them.

3

The court does not find his limited education or his desire to stay by himself to be sufficient justifications for failing to comply with the exhaustion requirements of § 1997e(a) and will dismiss his complaint for failure to exhaust administrative remedies. An appropriate order shall be entered this day.

In any event, the court also finds that Lawson's allegations fail to state any constitutional claim. To prove that his course of medical treatment in prison amounted to a violation of the Eighth Amendment, plaintiff must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, questions of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975). Mere malpractice or negligence in diagnosis does not state a federal claim. Estelle, 429 U.S. at 105-106. Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. Miltier v. Beorn, 896 F.2d 848, 855 (4th Cir. 1990).

The nurse informed Lawson from the start that only the psychiatrist could prescribe the mental health medications and would do so only after a 90-day waiting period based on Lawson's alcohol problem. As she was not a doctor herself, the nurse could rightfully rely on the medical judgment of the psychiatrist that the 90-day delay was an appropriate course of treatment for Lawson's overall medical condition. Similarly, Mr. Nobles could rely on the medical staff to determine how best to address Lawson's alcohol problem and mental health needs. Thus, Lawson's allegations fail to state an Eighth Amendment claim against either of the defendants he has named.

4

Furthermore, even if the court allowed him to amend to name other defendants, such as the doctor and the psychiatrist, his allegations state at most a disagreement with their prescribed course of treatment. Such claims are essentially allegations of medical malpractice, not actionable under § 1983.

III

In conclusion, the court will dismiss the complaint without prejudice, based on plaintiff's admission on the face of the complaint that he did not exhaust administrative remedies before filing this lawsuit. As an alternative ground for dismissal, the court also finds that the allegations fail to state a claim actionable under § 1983 and declines to exercise supplemental jurisdiction over any possible state law claims of medical malpractice. See 28 U.S.C. § 1367(c).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 2 8th day of April, 2008.

Senior United States District Judge

5